

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# Jin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2845

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jin v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1561.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1561

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———

NO. 06-2845

———

CHEN HAI JIN
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
Respondent

———

On Petition for Review of an Order of the Board of Immigration Appeals
No. A98-113-004
Immigration Judge:  Hon. Eugene Pugliese

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2008

BEFORE:  SLOVITER, SMITH and
STAPLETON, *Circuit Judges*

(Opinion Filed: February 21, 2008)

———

STAPLETON, Circuit Judge:

Petitioner Chen Hai Jin is a native and citizen of the Peoples Republic of China. He seeks review of a Board of Immigration Appeals ("BIA") order affirming a decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal and relief under the Convention Against Torture, and directing his removal. He claims to have been persecuted in the past, and to fear persecution in the future, because of his Catholic faith. We will deny his petition for review.

The BIA held that the record supported the IJ's conclusion that Jin had failed to carry his burden of establishing past persecution, a well-founded fear of future persecution, or the likelihood of torture in China based on his religion. It noted that Jin had not offered corroboration for events critical to his claim, such as the destruction of his church by the government of China in 1999 and the government's attempt to destroy it again in 2004, and that Jin had admitted before the IJ that his family remained in China and continued to worship at the same church.

If a petitioner "seeks to obtain judicial reversal of the BIA's determination, he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find [past persecution] or the requisite fear of [future] persecution." *INS v.*

*Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). Given this highly deferential standard of review, we are unable to overturn the BIA's determination in Jin's case.

Jin's claim of past persecution is based on his contentions that he was prevented from practicing his religion and that he was threatened with arrest for fighting with government officials when they came to demolish his church in 2004. With respect to the former claim, while he testified to damage and destruction of his church by government officials, he does not claim that he and his congregation were ever actually prevented from practicing their religion. Indeed, his own evidence showed that the congregation continued its religious practices after the 1999 incident as before, that the congregation was allowed to rebuild the church after it was destroyed in 2004 adjacent to the demolished structure, and that his family has continued to worship there without harassment ever since.

Jin's other claim of past persecution is based on his testimony that he was threatened with arrest due to his fight with officials in 2004. There is no evidence, however, indicating that an arrest in his situation would threaten his life, health or otherwise rise to the level of persecution. There is no indication that the other young people who were fighting alongside Jin and were arrested suffered any significant harm. *See Kibinda v. Attorney General*, 477 F.3d 113, 119-20 (3d Cir. 2007) (five day detention, with non-severe injury, did not constitute past presecution).

There are similar deficiencies in the support for Jin's claim of fear of future

persecution.  The record will not support a conclusion that there is presently a pattern and practice of persecuting Catholics in general in China.  And the single, past threat of arrest does not compel a finding of an objective fear of future persecution any more than it compels a conclusion of past persecution.

Based on the foregoing, we decline to review the denial of withholding of removal, as well as the denial of asylum.  *See Ghaly v. INS*, 58 F. 3d 1425 (9th Cir. 1995).

There is no evidence whatever in the record concerning past torture or the potential for future torture.

The petition for review will be denied.